[No. 42738-9-II.   Division Two.   July 30, 2013.]

CURTIS JOHNSON, *Respondent*, v. THE DEPARTMENT OF FISH AND WILDLIFE, *Appellant*.

*Robert W. Ferguson, Attorney General,* and *Michael M. Young, Assistant,* for appellant.

*Robert J. Cadranell II* and *Dennis J. McGlothin* (of *Olympic Law Group PLLP*), for respondent.

¶1 PENOYAR, J. — Curtis Johnson applied two months late to renew his 2007 Dungeness crab coastal fishery license. The Department of Fish and Wildlife (Department) denied his renewal application and informed him that his failure to timely renew meant he was barred from renewing his license in subsequent years. Johnson appealed this decision to a hearings officer, who affirmed the Department. Johnson then appealed to Grays Harbor Superior Court, which reversed the Department and ordered it to reinstate Johnson's license. The Department appealed the superior court's decision to this court.[1] Johnson argues that the Department violated his procedural due process rights and that RCW 77.70.360 violates substantive due process. We hold that the Department did not violate Johnson's due process rights because he was afforded notice and a hearing and that RCW 77.70.360 is rationally related to protecting the fishery.

¶2 In the unpublished portion of the opinion, we address Johnson's additional arguments that (1) the Department

---

[1] Although the Department is the appellant, under Division Two rules, the party filing an appeal under the Administrative Procedure Act, chapter 34.05 RCW, in superior court is responsible for the opening and reply briefs before this court. Therefore, Johnson is treated as the appellant in this case.

erroneously interpreted and applied RCW 77.70.360 when it determined that his failure to timely renew his license in 2007 barred him from renewing it in subsequent years; (2) the statutes the Department relied on are unconstitutionally vague; (3) the Department is equitably estopped from denying his renewal application; and (4) he is entitled to attorney fees. We hold that the Department did not err in applying RCW 77.70.360 because it requires an applicant to have held a license in the previous year and Johnson's failure to renew his license in 2007 meant he did not hold a license in 2007. Additionally, the statutes are not unconstitutionally vague, equitable estoppel does not apply here because Johnson failed to prove that the Department made inconsistent statements, and we do not award Johnson attorney fees because he did not prevail. We reverse the trial court's order setting aside the Department's order and affirm the Department.

## FACTS

¶3 Johnson failed to renew his Dungeness crab coastal fishery license in 2007, which resulted in his license permanently expiring. Johnson had held a Dungeness crab commercial fishing license since 1991. In 1995, the legislature limited entry into the Dungeness crab coastal fishery, providing that "the director shall issue no new Dungeness crab-coastal fishery licenses after December 31, 1995," and that "[a] person may renew an existing license only if the person held the license sought to be renewed during the previous year." RCW 77.70.360. The Department granted Johnson a "permanent" coastal fishery license in 1995. Clerk's Papers (CP) at 118. Johnson renewed this license every year until 2007.

¶4 Under RCW 77.65.030, the deadline to renew a commercial license is December 31 of the calendar year for which the license is sought. For example, a license holder has until December 31, 2013, to renew his 2013 license.

Johnson did not attempt to renew his 2007 license until March 4, 2008, because he believed that he could not fish under his license that year. Johnson had leased his license to Kenneth Greenfield starting in the 2005-06 season[2] but had difficulty contacting Greenfield thereafter. In the fall of 2007, Johnson found another fisher interested in leasing his license, so he called the Department to ask about changing the vessel designation for the license. Johnson testified that the Department told him he could not change the vessel designation for the license twice within two consecutive years and that he would have to wait until after 2007 to designate another vessel.[3] Since he believed the designation restraints prevented him from using the license himself or leasing to another fisher, Johnson decided that it would be a waste of the permit fee to renew his license for 2007. Johnson said that during his conversations with the Department about vessel designations, the Department never reminded him that he needed to renew his license or that failure to do so would cause his license to permanently expire.

¶5 The Department usually mails renewal reminders in the fall, but Johnson testified that he did not receive one in 2007, likely because of mail delivery issues in his neighborhood. The reminders include the license's expiration date—December 31—but they do not indicate the consequences of failing to renew.

¶6 In early 2008, Johnson again tried to change the vessel designation for his license. The Department then informed him that he had not renewed his license in 2007, which meant that he could not renew it for 2008 or any subsequent year. Nevertheless, Johnson attempted to apply

---

[2] The fishery is open on a seasonal basis spanning two calendar years, but the license renewal system operates by calendar year.

[3] A Department representative testified at the hearing that this information was incorrect. The Department does not allow two vessel redesignations within two *seasons*, but a season is different than a calendar year, and two seasons had passed since Johnson had last changed the vessel designation. Therefore, he would have been able to designate a new vessel in the fall of 2007.

for renewal, and the Department denied his renewal application, stating that it was prohibited by statute from accepting applications after the December 31 deadline.

¶7 Johnson appealed to an administrative hearings officer. The hearings officer affirmed the permit denial and concluded that Johnson's failure to timely renew his license resulted in the license permanently expiring. The hearings officer concluded that RCW 77.65.030 required Johnson to renew his license by December 31, 2007, which he did not do, and that RCW 77.70.360, which states that a person may renew an existing license only if that person held the license sought to be renewed during the previous year, "means that when a . . . license is not renewed it is no longer capable of being renewed in the future." CP at 123. Johnson appealed to the superior court, which reversed the Department and ordered it to renew Johnson's license. The Department appeals.

## ANALYSIS

### I. STANDARD OF REVIEW

¶8 Under the Washington Administrative Procedure Act (APA),[4] we sit in the same position as the superior court and apply the APA directly to the agency's administrative record. *Burnham v. Dep't of Soc. & Health Servs.*, 115 Wn. App. 435, 438, 63 P.3d 816 (2003) (quoting *City of Redmond v. Cent. Puget Sound Growth Mgmt. Hr'gs Bd.*, 136 Wn.2d 38, 45, 959 P.2d 1091 (1998)). The party challenging the agency action bears the burden of demonstrating that the action was invalid. RCW 34.05.570(1)(a); *Hillis v. Dep't of Ecology*, 131 Wn.2d 373, 381, 932 P.2d 139 (1997). A court shall grant relief from an agency's order if the order violates constitutional provisions, the agency has erroneously interpreted or applied the law, or the order is not supported by substantial evidence. RCW 34.05-

---

[4] Ch. 34.05 RCW.

.570(3)(a), (d), (e). Whether an agency's order violates the constitution and whether it has erroneously applied the law are questions of law that we review de novo. *Hardee v. Dep't of Soc. & Health Servs.*, 172 Wn.2d 1, 7, 256 P.3d 339 (2011); *Quadrant Corp. v. Cent. Puget Sound Growth Mgmt. Hr'gs Bd.*, 154 Wn.2d 224, 233, 110 P.3d 1132 (2005). An agency order is supported by substantial evidence if there is " 'a sufficient quantity of evidence to persuade a fair-minded person of the truth or correctness of the order.' " *Hardee*, 172 Wn.2d at 7 (quoting *Thurston County v. W. Wash. Growth Mgmt. Hr'gs Bd.*, 164 Wn.2d 329, 341, 190 P.3d 38 (2008)).

## II. PROCEDURAL DUE PROCESS

¶9 Johnson first argues that the Department violated his procedural due process rights. Because Johnson received notice of the Department's actions and an administrative hearing in which he was able to present evidence and to examine the Department's witnesses, his argument fails.

¶10 The due process clause of the Fourteenth Amendment prohibits the state from depriving any person of life, liberty, or property without due process of law. U.S. CONST. amend. XIV. Assuming, without deciding, that Johnson has a claim of entitlement to a license even though his right to renew expired, we address whether the Department provided adequate process.[5]

¶11 At a minimum, due process requires notice and an opportunity to be heard. *Soundgarden v. Eikenberry*, 123 Wn.2d 750, 768, 871 P.2d 1050 (1994). Notice must be reasonably calculated to inform the affected party of the pending action and of the opportunity to object. *State v.*

---

[5] Johnson argues that he has a protected property interest, citing *Foss v. National Marine Fisheries Service*, 161 F.3d 584, 588 (9th Cir. 1998). However, federal circuit court due process cases are not binding on this court. *State v. Manussier*, 129 Wn.2d 652, 680, 921 P.2d 473 (1996) (quoting *Rozner v. City of Bellevue*, 116 Wn.2d 342, 351, 804 P.2d 24 (1991) (federal decisions regarding due process are afforded great weight, but they are not controlling)).

*Dolson*, 138 Wn.2d 773, 777, 982 P.2d 100 (1999). The opportunity to be heard must be meaningful in time and manner. *Morrison v. Dep't of Labor & Indus.*, 168 Wn. App. 269, 273, 277 P.3d 675 (quoting *Downey v. Pierce County*, 165 Wn. App. 152, 165, 267 P.3d 445 (2011)), *review denied*, 175 Wn.2d 1012 (2012). To determine how much process is due, we balance the private interest involved; the risk of erroneous deprivation through the procedures involved and the value of additional procedures; and the government's interest, including the burdens that accompany additional procedures. *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). Due process is a flexible concept, and the procedures required depend on the circumstances of a particular situation. *Mathews*, 424 U.S. at 334.

¶12 Here, Johnson received adequate notice that the Department was rejecting his renewal application. The Department sent him a letter dated March 14, 2008, containing the reasons for the denial and informing Johnson that he could request an administrative hearing to contest the denial. Johnson also received an opportunity to be heard. He had an administrative hearing before a hearings officer where he was represented by counsel and where he submitted evidence, gave his testimony, and questioned the Department's representative.

¶13 Johnson argues that this process was inadequate because he should have received predeprivation notice and opportunity for a hearing. His argument fails because under the *Mathews* factors, the Department's procedures were adequate.

¶14 The first factor—the private interest involved—favors Johnson. The loss of his license inhibits his ability to engage in commercial crab fishing. The next two factors favor the Department. Regarding the second factor, the risk of erroneous deprivation and the value of additional procedures are slight. Johnson had predeprivation notice through the statutes, which set out when a license expires, when it must be renewed, and the qualifications for renewal—

including a valid license from the previous year—and through the Department's renewal reminders. *See* RCW 77.65.030, .070(3); RCW 77.70.360. Further, the Department based its decision on a readily ascertainable and undisputed fact: that Johnson missed the December 31, 2007, deadline for renewing his license for 2007.

¶15 As for the third factor—the Department's interest in maintaining its licensing procedures—it would be impossible for the Department to provide individuals in Johnson's situation a predeprivation hearing. Under the statute, Johnson had until December 31, 2007, to renew his license. RCW 77.65.030. Until that deadline passed, the Department had no reason to deny Johnson's application. Given the low risk of erroneous deprivation and the impossibility of holding a predeprivation hearing, the Department's procedures in this case were adequate.

III. SUBSTANTIVE DUE PROCESS

¶16 Johnson next argues that RCW 77.70.360 violates substantive due process. Because the statute is rationally related to fishery management, we hold that it does not violate Johnson's substantive due process rights.

¶17 "Substantive due process protects against arbitrary and capricious government action even when the decision to take action is pursuant to constitutionally adequate procedures." *Amunrud v. Bd. of Appeals*, 158 Wn.2d 208, 218-19, 143 P.3d 571 (2006). As with a procedural due process claim, a plaintiff must first show that the State deprived him of a constitutionally protected liberty or property interest. *Nieshe v. Concrete Sch. Dist.*, 129 Wn. App. 632, 641, 127 P.3d 713 (2005). Johnson asserts that he has a protected property interest in his commercial crabbing license because "once issued, professional and motor vehicle licenses create interests requiring due process protection." Opening Br. at 39 (citing *Amunrud*, 158 Wn.2d at 219). Additionally, both the United States Supreme Court and the Washington Supreme Court have held that the

right to pursue a particular profession is a protected liberty interest. *Conn v. Gabbert*, 526 U.S. 286, 291-92, 119 S. Ct. 1292, 143 L. Ed 2d 399 (1999); *Amunrud*, 158 Wn.2d at 220. Arguably, Johnson has a protected liberty interest in continuing to fish for crab.

¶18 Once a party has identified a protected interest, we must determine what level of review to apply. The level of review we apply to a substantive due process challenge depends on the nature of the right affected. *Amunrud*, 158 Wn.2d at 219. If a right can be characterized as fundamental, strict scrutiny applies. *Amunrud*, 158 Wn.2d at 220. The right to pursue a profession, which is what is at issue here, is a protected interest but not a fundamental right. *Amunrud*, 158 Wn.2d at 220-21. Therefore, rational basis review applies. *Amunrud*, 158 Wn.2d at 220. To survive rational basis review, the Department's action must be rationally related to a legitimate state interest. *Amunrud*, 158 Wn.2d at 222.

¶19 We hold that RCW 77.70.360 is rationally related to a legitimate state interest. As Johnson concedes, management of the coastal crab fishery is a legitimate state interest. RCW 77.70.360 is rationally related to fishery management: it reduces the number of fishers and licenses while protecting those who continually participate in the fishery.

¶20 Johnson argues that we should review his claim using the three-pronged test Washington courts apply when considering whether a statute violates due process: (1) whether the statute is aimed at achieving a legitimate public purpose, (2) whether it uses means that are reasonably necessary to achieve that purpose, and (3) whether it is unduly oppressive on individuals. He contends that under this test, RCW 77.70.360 violates substantive due process because it is not reasonably necessary to achieve fishery management and it is unduly oppressive. But our Supreme Court in *Amunrud*, another licensing case, declined to engage in the three-pronged analysis and unambiguously

stated that rational basis review applies in situations that involve a nonfundamental right, such as the right to pursue a profession. 158 Wn.2d at 226.

¶21 Johnson argues that his situation is similar to the plaintiffs' in *Guimont v. Clarke*, 121 Wn.2d 586, 854 P.2d 1 (1993). In *Guimont*, mobile home park owners challenged the constitutionality of the mobile home relocation assistance act (Act), chapter 59.21 RCW, which required them to pay a portion of their residents' relocation fees. 121 Wn.2d at 592-93. To determine whether the Act violated the owners' substantive due process rights, the court applied the three-pronged test. *Guimont*, 121 Wn.2d at 609. The court held that the Act violated substantive due process, stating that providing relocation assistance was reasonably necessary to achieve the Act's purpose but that requiring park owners to bear the costs was unduly oppressive. *Guimont*, 121 Wn.2d at 610, 613. The court opined that a less oppressive solution would be to require society as a whole to share the costs. *Guimont*, 121 Wn.2d at 611.

¶22 More recently, our Supreme Court has rejected the three-pronged analysis in a situation factually similar to Johnson's. In *Amunrud*, the court considered whether a statute suspending a taxi driver's commercial license for failing to pay child support violated his substantive due process rights. 158 Wn.2d at 214-15. The court determined that the right to pursue a profession was a nonfundamental right; accordingly, it applied rational basis review. *Amunrud*, 158 Wn.2d at 220. Under this standard, the court found that there was a rational relationship between license suspension and the State's interest in enforcing child support orders. *Amunrud*, 158 Wn.2d at 224. The court held that as long as the statute was subject to rational basis review, it would not consider whether the statute was unduly oppressive, reiterating that the proper test was whether "the law bears a reasonable relationship to a legitimate state interest." *Amunrud*, 158 Wn.2d at 226. The court explained that the unduly oppressive prong, most often applied in land use

cases, has limited applicability even in those cases and is not appropriately considered in cases where the statute " 'regulates only the activity which is directly responsible for the harm.' " *Amunrud*, 158 Wn.2d at 226 n.5 (quoting *Weden v. San Juan County*, 135 Wn.2d 678, 707, 958 P.2d 273 (1998)). Significantly, the court took an expansive view of whether the regulated activity is responsible for the harm, since driving a taxi does not cause the evils of delinquent child support. Instead, the Supreme Court's focus was on whether the statute would provide an incentive to remedy the problems that Amunrud had a hand in creating.

¶23 This case is governed by *Amunrud*. If the unduly burdensome test does not apply even with the tenuous connection between taxi driving and child support in *Amunrud*, then it will not apply to the much more direct connection here. In this case, the legislature limited entry into the coastal crab fishery because it found "that the commercial crab fishery in coastal . . . waters is overcapitalized," and RCW 77.70.360 regulates only those parties directly responsible for the overcapitalization—commercial crab fishermen. LAWS OF 1994, ch. 260, § 1. Therefore, we do not engage in the unduly oppressive analysis because the statute does not "require an individual 'to shoulder an economic burden, which in justice and fairness the public should rightfully bear.' " *Weden*, 135 Wn.2d at 706 (quoting *Orion Corp. v. State*, 109 Wn.2d 621, 648-49, 747 P.2d 1062 (1987)).

¶24 Johnson argues that even if the unduly oppressive prong does not apply, RCW 77.70.360 still violates substantive due process because it is not reasonably necessary to achieve fishery management goals. "[I]n determining whether a particular statute is reasonable, we must conclude only that there is a rational connection between the purpose of the statute and the method the statute uses to accomplish that purpose." *State ex rel. Faulk v. CSG Job Ctr.*, 117 Wn.2d 493, 506, 816 P.2d 725 (1991). Johnson contends that RCW 77.70.360 uses means that are not reasonably necessary to

achieve fishery management. But as we discussed above, all that is required is present here: a rational connection between the purpose of the statute—coastal crab fishery management—and the method—limiting entry into the fishery.

¶25 We reject Johnson's argument that the three-pronged test applies in this instance. We hold that rational basis review applies and that RCW 77.70.360 is rationally related to fishery management. Accordingly, Johnson's due process claim fails.

¶26 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.

WORSWICK, C.J., and BJORGEN, J., concur.

Review denied at 179 Wn.2d 1006 (2013).