[No. 66168-0-I.    Division One.    March 5, 2012.]

JOHN WOODFORD MORRISON ET AL., *Appellants*, v. THE
DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.

270

*John Woodford Morrison*, pro se.

*Robert M. McKenna, Attorney General*, and *Anastasia Sandstrom, Assistant*, for respondent.

¶1 APPELWICK, J. — Morrison appeals the superior court order remanding agency action, arguing that RCW 19.28-.131's filing fee provision violates the due process clause of the state and federal constitutions. Because his interest is solely an economic one, RCW 19.28.131's monetary prerequisite to an appeal does not violate his due process rights. We affirm the reduction of the administrative filing fee and the reinstatement of the appeal contingent upon payment

of that fee, and remand to the trial court for the award of the court filing fee to Morrison for prevailing below.

## FACTS

¶2 In December 2008, the Department of Labor and Industries (Department) issued John Morrison and Woodford Electrical Services Inc. eight citations for alleged violations of the electrical law under chapter 19.28 RCW. The violations occurred on two different dates and the citations totaled $4,000. Morrison sent a letter to the Department to appeal the citations, but he did not include a $200 filing fee to appeal each of the eight citations, as required under RCW 19.28.131. The State of Washington Electrical Board (Board) rejected his appeal, because the $1,600 in filing fees was not included.

¶3 Morrison filed a petition for review with the superior court, arguing that the filing fee requirement denied him due process under the state and federal constitutions. The superior court rejected Morrison's constitutional argument and concluded that there is a rational basis for requiring the fee payment. It stated, "The payment by certified check requirement in RCW 19.28.131 does not infringe on any licensed electrical contractor's or certified electrical administrator's rights under the state or federal Constitutions." The superior court also found that the payment of $1,600 to secure an appeal of the eight citations created a financial hardship for Morrison and Woodford Electrical Services. It waived $1,400 of that, requiring Morrison to pay only $200 to appeal all eight citations. The court set aside the Department's denial of Morrison's appeal and remanded it to the Board, contingent upon Morrison's following through with the $200 payment. It did not award costs or attorney fees.

¶4 Morrison appeals.

## DISCUSSION

### I. Constitutionality of RCW 19.28.131

¶5 Morrison argues that the filing fee requirement under RCW 19.28.131 violates his due process rights under the state and federal constitutions. That statute provides for the assessment of penalties in response to violations of the electrical contractor license law, and it also addresses the appeal of such penalties:

> Any penalty is subject to review by an appeal to the board. The filing of an appeal stays the effect of the penalty until the board makes its decision. The appeal shall be filed within twenty days after notice of the penalty is given to the assessed party using a method by which the mailing can be tracked or the delivery can be confirmed, sent to the last known address of the assessed party and shall be made by filing a written notice of appeal with the department. *The notice shall be accompanied by a certified check for two hundred dollars, which shall be returned to the assessed party if the decision of the department is not sustained by the board.* If the board sustains the decision of the department, the two hundred dollars shall be applied by the department to the payment of the per diem and expenses of the members of the board incurred in the matter, and any balance remaining after payment of per diem and expenses shall be paid into the electrical license fund.

RCW 19.28.131 (emphasis added).

¶6 A statute is presumed to be constitutional, and the party attacking a statute has the heavy burden of proving its unconstitutionality beyond a reasonable doubt. *State v. Shultz*, 138 Wn.2d 638, 642, 980 P.2d 1265 (1999). A challenge to the constitutionality of a statute is a question of law that we review de novo. *City of Bothell v. Barnhart*, 172 Wn.2d 223, 229, 257 P.3d 648 (2011).

¶7 Due process is flexible and calls for such procedural protections as the particular situation demands. *Mathews v. Eldridge*, 424 U.S. 319, 334, 96 S. Ct. 893, 47 L. Ed. 2d 18

(1976). An essential principle of due process is the right to notice and a meaningful opportunity to be heard. *Downey v. Pierce County*, 165 Wn. App. 152, 164, 267 P.3d 445 (2011) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985)), *petition for review filed*, No. 86989-8 (Wash. Feb. 10, 2012). A meaningful opportunity to be heard means " 'at a meaningful time and in a meaningful manner.' " *Id.* at 165 (internal quotation marks omitted) (quoting *Mathews*, 424 U.S. at 333). Determining what process is due in a given situation requires consideration of (1) the private interest involved, (2) the risk that the current procedures will erroneously deprive a party of that interest, and (3) the governmental interest involved. *Mathews*, 424 U.S. at 334-35.

¶8 Under the first *Mathews* factor, the private interest implicated here is solely an economic, pecuniary one. There is no liberty interest involved. Where the interest at stake is only a financial one, the right which is threatened is not considered "fundamental" in a constitutional sense. *In re Dependency of Grove*, 127 Wn.2d 221, 238, 897 P.2d 1252 (1995). The United States Supreme Court, in the *Boddie* line of cases, has found that monetary prerequisites to court access (e.g., filing fees) are permissible unless the right attempted to be vindicated is fundamental and the courts provide the only means through which vindication of such right may be obtained. *See Boddie v. Connecticut*, 401 U.S. 371, 379-80, 91 S. Ct. 780, 28 L. Ed. 2d 113 (1971); *United States v. Kras*, 409 U.S. 434, 444-45, 93 S. Ct. 631, 34 L. Ed. 2d 626 (1973); *Ortwein v. Schwab*, 410 U.S. 656, 658-59, 93 S. Ct. 1172, 35 L. Ed. 2d 572 (1973). Here, the $200 requirement under RCW 19.28.131 is a filing fee. If the department's decision is sustained by the board on appeal, the money goes to the per diem and expenses of the board related to the matter. *Id.* And, if the decision is reversed, the money is returned to the assessed party. *Id.*

¶9 *Boddie* involved a class of Connecticut welfare recipients attempting to bring an action for divorce. 401 U.S. at

372. They challenged state procedures, including payment of certain court fees and costs that restricted their access to the courts. *Id.* The Court found these statutorily required filing fees to be impermissible and inconsistent with the State's obligation under the due process clause of the Fourteenth Amendment. *Id.* at 383. But, two years later, in *Kras*, the Court limited the reach of *Boddie*, upholding a similar statutorily imposed filing fee in bankruptcy matters. 409 U.S. at 444-46. The *Kras* Court emphasized that unlike divorce, the discharge of debts was in the area of "economics and social welfare." *Id.* at 446. Accordingly, the filing fees in *Kras* did not impact a "fundamental interest" like those addressed in *Boddie. Id.* at 445. And, *Ortwein* involved a state court's refusal to waive a $25 appellate court filing fee in an appeal by indigents for review of a denial of welfare benefits. *Ortwein,* 410 U.S. at 658. The United States Supreme Court again distinguished *Boddie* and followed *Kras. Id.* at 659. Recognizing that *Boddie* applied narrowly to the fundamental right of marriage, the Court in *Ortwein* held that the state may require a fee to obtain review of a denial of welfare benefits. *Id.* at 659-60. Thus, where there is no fundamental right involved but only a financial one, it is permissible to impose a monetary prerequisite to file an appeal.

¶10  In *Bowman v. Waldt*, 9 Wn. App. 562, 570, 513 P.2d 559 (1973), this court adopted the reasoning and the holdings from the *Boddie* line of cases. The court noted that the majority opinions in *Boddie, Kras*, and *Ortwein* are binding upon us with regard to the due process and equal protection clauses of the United States Constitution. *Id.* at 569. And, it also noted that with regards to due process under the state constitution, the rationale of those same opinions, "although not binding upon the state courts, [is] nevertheless accorded great weight. . . . *Kras* and *Ortwein* refuse to recognize a constitutional right of access to the courts if the case is one 'in the area of economics and social welfare.' " *Id.* at 570. In the present case, as in *Bowman, Kras,* and

*Ortwein*, the private interest at issue is pecuniary and not a fundamental one. Accordingly, we need not continue the analysis of the other two *Mathews* factors.

¶11 In its statement of additional authority, the Department cites to an opinion from Division Two of this court, *Downey*, 165 Wn. App. 152. *Downey* involved a challenge by a dog owner of Pierce County's dangerous animal declaration (DAD) proceedings, including a due process challenge to the County's practice of charging a fee to obtain an initial evidentiary review of a DAD. *Id.* at 155-56. The court held that charging such a fee to obtain review violated due process. *Id.* at 156. The private interests involved in *Downey* were much more expansive than those involved in Morrison's appeal, including:

> (1) [P]et owners' interests in keeping their pets, which is arguably more than a mere economic interest because pets are not fungible; (2) economic interests in not having to pay additional annual registration and inspection fees or acquire significant liability insurance in order to retain his or her property; and (3) potentially being subject to criminal liability for later violations of [Pierce] County's dangerous animal restrictions.

*Id.* at 165 (footnote omitted). Morrison's interest, by contrast, is solely monetary. The *Downey* opinion expressly acknowledged that "there is no constitutional due process right to appeal civil cases involving 'only property or financial interests.' " *Id.* at 167 (quoting *Grove*, 127 Wn.2d at 240).

¶12 Morrison's interest was solely a financial one, and a monetary prerequisite to an appeal is thus permissible. We hold that the $200 fees imposed on Morrison under RCW 19.28.131 do not violate his due process rights. We affirm.

■■ ¶13 Morrison also argues the superior court erred by reducing the $1,600 filing fee to $200, contending it had no discretion to reduce the bond. But, as the Department points out, the superior court's decision to reduce the fee

favored Morrison, and the Department did not appeal this result. Accordingly, Morrison is not an aggrieved party for the purposes of this argument, and thus may not seek review by this court. RAP 3.1; *see State v. Taylor*, 150 Wn.2d 599, 603, 80 P.3d 605 (2003). In any event, Washington courts have applied equity to waive filing fee amounts, in the interest of justice, where there is financial hardship. *See, e.g., O'Connor v. Matzdorff*, 76 Wn.2d 589, 600, 458 P.2d 154 (1969). The Supreme Court stated, "[C]ourts have found within their powers an inherent power to waive the prepayment of court fees, where a suitor or defendant has shown that he is impoverished, regardless of statutory authority. We are also convinced that such a power is in harmony with the court's duty to see that justice is done in the cases which come before it." *Id.* This power is equally compelling with respect to fees for administrative appeals. We hold that the superior court possessed inherent power to reduce the appeal bond amount.

## II. Judicial Filing Fee

¶14 Finally, Morrison argues the superior court erred by failing to award him his $200 court filing fee as a recoverable cost below. He contends he was the prevailing party, based on the court's $1,400 reduction of the bond, and on its order setting aside the Department's denial of the appeal and remanding for further proceedings. The Department concedes this point, based on RCW 4.84.010, which provides that prevailing parties shall receive their superior court filing fees. Morrison is entitled to receive his $200 filing fee as the prevailing party.

¶15 We affirm the reduction of the administrative filing fee and the reinstatement of the appeal contingent upon payment of that fee, and remand to the trial court for the

award of the court filing fee to Morrison for prevailing below.

BECKER and SPEARMAN, JJ., concur.

Reconsideration denied May 15, 2012.

Review denied at 175 Wn.2d 1012 (2012).