IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Guardianship of | ) | No. 32979-8-III |
| | ) | |
| PAULA A. FOWLER. | ) | |
| | ) | |
| | ) | |
| | ) | |
| PAULA A. FLOWER and | ) | |
| JOSEPH VALENTE, | ) | |
| | ) | UNPUBLISHED OPINION |
| Respondents, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LIN O'DELL, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Lin O'Dell served as Paula Fowler's limited guardian. Ms. O'Dell

appeals the superior court's findings of fact, conclusions of law, and order on show cause

that found Ms. O'Dell violated several statutes and standards of practice and ordered her

to (1) pay investigative fees, and (2) disgorge excessive service fees of $2,591.50. Ms.

O'Dell appeals, arguing the superior court's order violated her due process rights. We

affirm.

FACTS

In 2007, Ms. O'Dell was appointed as limited guardian of Ms. Fowler and her estate. In 2013, at a hearing to consider the guardian's proposed annual report, accounting and budget, the court noted concerns with Ms. O'Dell's performance. The court subsequently entered an order to show cause, detailing 13 suspected violations of fiduciary duties, standards of practice, and state statutes. The order required Ms. O'Dell to respond and provide the court with additional information. Ms. O'Dell timely responded, providing the court with what it characterized as "voluminous material." Report of Proceedings (RP) (Dec. 31, 2013) at 7, 12; Clerk's Papers (CP) at 277. Upon receiving Ms. O'Dell's submission, the court appointed Joseph Valente as investigator and special master to review the matter and answer specified questions.

Mr. Valente reviewed the guardianship file, including Ms. O'Dell's recent submission of materials and declarations from Ms. O'Dell and Ms. Fowler. He also followed up directly with Ms. O'Dell for additional information. Mr. Valente then filed a comprehensive report in response to the court's order. His report did not agree with all the allegations set forth in the show cause order. However, the report did include several findings that were critical of Ms. O'Dell. Mr. Valente recognized that serving as Ms. Fowler's guardian had "been a nightmare for [Ms. O'Dell]." CP at 363. Fortunately, Mr.

2

Valente concluded Ms. O'Dell's violations of statutes and standards of practice had "no direct impact" on Ms. Fowler, outside the imposition of some excessive fees. *Id.* Ms. O'Dell filed a written response to Mr. Valente's report, disputing his findings.

On March 4, 2014, the court held a review hearing at which Ms. O'Dell, Mr. Valente, and Ms. Fowler addressed the court. At no time prior to or during the hearing did Ms. O'Dell request an evidentiary hearing.

At some point after the hearing, the court issued proposed findings of fact and conclusions of law.[1] Ms. O'Dell then filed a detailed written objection claiming, among other things, that the court's procedure violated due process because no witnesses were called and there had not been opportunity for cross-examination.

Shortly after receiving Ms. O'Dell's objection, the court held a presentment hearing. Ms. O'Dell, Mr. Valente, and Ms. Fowler all addressed the court. During her remarks, Ms. O'Dell criticized the court's procedures and claimed she had not been given a sufficient opportunity to respond to Mr. Valente's report. The court disagreed with Ms. O'Dell's procedural concerns, though it noted the court bore some responsibility for failing to promptly "raise specific issues" in the guardianship. RP (Nov. 20, 2014) at 46.

---

[1] The record on appeal does not include the court's proposed findings or the date of its submission to the parties.

3

Ultimately the court entered final written findings and conclusions which were consistent with the recommendations in Mr. Valente's report. The court ordered (1) Ms. O'Dell pay $3,000.00 to Mr. Valente for his services as investigator and special master, (2) Ms. O'Dell disgorge to the guardianship estate $2,591.50, and (3) dismissal of the Washington limited guardianship.

Ms. O'Dell appeals.

## ANALYSIS

Ms. O'Dell contends the superior court erred by failing to hold an evidentiary hearing to resolve disputed issues of fact she established in her declaration and in response to the show cause order. According to Ms. O'Dell, the court essentially employed a summary judgment procedure to rule against her without following CR 56(c). We review the superior court's disposition for abuse of discretion. *In re Guardianship of Cornelius*, 181 Wn. App. 513, 528, 326 P.3d 718 (2014).

No statute or court rule requires a trial or evidentiary hearing prior to termination of a guardianship. Both RCW 11.88.120(1) and the former RCW 11.88.120(1) and (4) (1991) provide that a court, for good reason, may modify or terminate a guardianship and grant relief "as it deems just and in the best interest of the incapacitated person." Supplementing this, the legislature has given courts "full and ample power and authority

4

. . . to administer and settle . . . [a]ll matters concerning the estates and assets of incapacitated . . . persons." RCW 11.96A.020(1)(a); *see In re Guardianship of McKean*, 136 Wn. App. 906, 913-14, 151 P.3d 223 (2007). RCW 11.96A.020(2) grants the court "full power and authority to proceed . . . in any manner and way that to the court seems right and proper."

Perhaps recognizing the lack of statutory support, Ms. O'Dell couches her argument in terms of due process. She claims the fundamental principles of due process required the court to hold an evidentiary hearing prior to terminating the guardianship and imposing approximately $5,000 in costs and fees. We do not dispute that Ms. O'Dell was entitled to due process prior to imposition of the superior court's final order. However, due process is a flexible concept that does not demand a strict set of procedures in every situation. *Mathews v. Eldridge*, 424 U.S. 319, 334, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). To comport with due process, a court procedure must provide notice and a meaningful opportunity to be heard. *Morrison v. Dep't of Labor & Indus.*, 168 Wn. App. 269, 273, 277 P.3d 675 (2012).

No due process violation occurred here. Prior to issuance of the final order, the court provided Ms. O'Dell with detailed written notice of its concerns. Not only did Ms. O'Dell receive notice in the form of the superior court's initial order to show cause, she

also received the more comprehensive report by Mr. Valente. Ms. O'Dell was given ample opportunity to respond to both documents. She submitted a lengthy written response to the order to show cause and also responded in writing to Mr. Valente's report. After the show cause and review hearings, Ms. O'Dell filed a written objection to the court's proposed findings. She addressed the court orally during hearings held before each of the court's orders. At no point during this process did Ms. O'Dell request an evidentiary hearing.[2]

We are unmoved by Ms. O'Dell's complaint that the superior court improperly considered unsworn testimony that had not been subject to cross-examination. With the exception of the declaration from Ms. Fowler,[3] the only factual information considered by the court came from Ms. O'Dell. Mr. Valente was not a witness. His review was limited to existing court records and information supplied by Ms. O'Dell. The accuracy and reliability of the hearings would not have been enhanced by requiring Mr. Valente to present his findings as a witness, subject to cross-examination.

---

[2] Ms. O'Dell first raised her concerns regarding the court's procedures in her objection to the court's proposed findings. However, even at that late date Ms. O'Dell never requested an evidentiary hearing.

[3] Ms. Fowler's declaration is referenced in Mr. Valente's report, but it does not appear to be part of the record on appeal. In any event, Ms. O'Dell's claims on appeal pertain to the superior court's reliance on Mr. Valente's report, not Ms. Fowler's declaration.

Because the procedure utilized by the superior court comported with due process, we affirm the order terminating Ms. Fowler's guardianship and requiring disgorgement of excessive service fees. Ms. O'Dell separately appeals the provision of court's order requiring payment of Mr. Valente's fees. Her arguments rest entirely on her due process claims regarding the perceived need for an evidentiary hearing. Because we disagree with Ms. O'Dell's position, her argument regarding fees is rejected as well.

## APPELLATE ATTORNEY FEES

Mr. Valente asks this court to award attorney fees, citing to RCW 11.96A.150, which permits us to award attorney fees "in such amount and in such manner as the court determines to be equitable." We respectfully decline this request. While the court appreciates Mr. Valente's assistance throughout this case, his participation on appeal was largely a result of his own volition, in order to secure payment of the fees awarded by the superior court. *See* Commissioner's Ruling, *In re Guardianship of Fowler*, No. 32979-8-III (Wash. Ct. App. Apr. 2, 2015). That goal has been accomplished. Meanwhile, at least some equities weigh in Ms. O'Dell's favor, including the significant financial obligations imposed by the superior court as well as the difficulties encountered by Ms. O'Dell in working on Ms. Fowler's case. The court declines to impose further financial burdens on Ms. O'Dell in the form of attorney fees.

7

No. 32979-8-III
*In re Guardianship of Fowler*

## CONCLUSION

The orders of the superior court are affirmed, and Mr. Valente's request for appellate fees is denied.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____   _____
Lawrence-Berrey, A.C.J.            Siddoway, J.

8