# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| DAVID HOWARD HEDGES, | No.  52877-1-II |
| Respondent, | |
| v. | |
| TIMOTHY HEDGES, PHILIP HEDGES, and WASHINGTON STATE DEPARTMENT OF SOCIAL AND HELTH SERVICES, | UNPUBLISHED OPINION |
| Defendants, | |
| EVA JUDITH HEDGES, | |
| Appellant. | |

SUTTON, J. — A Polish court ordered David Hedges, a Washington resident, to pay child support for his two adult children, who were found by a Polish court to be disabled.  The Polish court entered its order 13 years after the Hedges' children reached the age of majority.  The Polish court then requested enforcement of the Polish order from the Washington State Department of Child Support (DCS).

An administrative law judge (ALJ) ruled that the Polish order was enforceable and ordered David[1] to pay child support as ordered by the Polish court.  David petitioned for review, and the superior court reversed the ALJ's decision, ordering that the Polish order not be registered or enforced by DCS.

---

[1] We use the parties' first names for clarity and mean no disrespect.

In this appeal, David argues that his due process rights were violated because he did not receive notice of or an opportunity to participate in the evidentiary proceeding in the Polish court. He also argues that appearing through his attorney to appeal the Polish court's order was not meaningful because he was deprived of the opportunity to participate in any evidentiary proceeding.[2]

We hold that David's due process rights were violated and enforcement of the Polish order is manifestly incompatible with public policy. Therefore, we affirm the superior court's order and reverse the ALJ's final order.

## FACTS

### I. PARTIES' DISSOLUTION OF MARRIAGE

David and Eva Hedges were married and divorced twice. During their marriage, they had two children. The parties' second dissolution of marriage was completed on March 27, 1998, in New York, with the first dissolution of marriage settlement agreement from Arizona incorporated into the New York decree. According to the agreement, David was to pay child support to Eva until their two children reached the age of majority. David continued to pay child support until the parties' children turned 21 in 2004 and 2005, respectively. After they became adults and David's child support obligation had already terminated, Eva moved with their two sons to Poland.

---

[2] David also argues that the Polish court lacked personal jurisdiction over him and lacked subject matter jurisdiction over the case. Because we resolve this appeal based on due process, we do not reach the other issues.

## II. 2012 POLISH CHILD SUPPORT ORDER

On March 9, 2012, the District Court for Krakow, a trial court in Poland, issued a child support order (Polish order) against David to pay child support in favor of the parties' two adult children after finding that both children are disabled. The evidentiary hearing at which the trial court decided this issue was February 28, 2012; at that time, the children were 28 and 29, respectively. David did not receive any notice of or opportunity to participate in this hearing. It is undisputed that the District Court for Krakow was required to serve David with notice of the 2012 Polish hearing, and he was never served. The first time David heard of the Polish order was when he received an email from Eva on April 13, 2012, notifying him of it. The District Court for Krakow then sent David a registered letter in May of 2012 informing him of the Polish order.

On April 25, 2012, David retained an attorney in Poland to appeal the Polish order. On appeal, David argued that there was a "blatant violation of civil proceedings regulations" and disputed that his two children were, in fact, disabled, among other issues. Administrative Record (AR) at 87-92; CP at 14; FF 4.13. On May 21, 2013, the Regional Court for Krakow, an appellate court, issued a Decree ordering David to pay child support in favor of the parties' two adult children, commencing on February 28, 2012. CP at 11; FF 4.2.

## III. ENFORCEMENT OF THE POLISH ORDER, THE ALJ'S DECISION, AND THE SUPERIOR COURT'S REVERSAL

On March 31, 2016, DCS received a request from the child support agency in Poland to enforce the Polish order. DCS issued and served a Notice of Support Debt and Registration by certified mail on David on August 30, 2016. David timely objected and requested an administrative hearing.

At the administrative hearing before the ALJ, David argued, among other issues, that the Polish court failed to provide him with procedural due process.

The ALJ issued an Order on Submission of Documents on November 22, 2017, directing

> DCS to provide a copy of the service of process documents that were served by the Polish Court on [David] for the March 9, 2012 hearing and the May 21, 2013 hearing and/or a record attesting that [David] had proper notice of the support order and an opportunity to be heard.

Clerk's Papers (CP) at 10. In response to this order, a DCS claim officer/attorney filed a nonresponsive statement indicating that "[t]he [DCS] business records indicate that Mr. Hedges signed for the Notice of Registration on August 30, 2016." AR at 310. Despite the ALJ's order, DCS never provided any evidence to show that David received proper notice and service of the 2012 hearing in the District Court for Krakow.

At the hearing before the ALJ, both parties presented written evidence and testimony, as did DCS's attorney. The ALJ made the following relevant conclusion of law:

> **5.7** . . . .
>
> The undersigned concludes that, although he did not receive notice of the underlying District Court for Krakow hearing and did not have an opportunity to participate in that hearing, that he did have the opportunity to defend himself from the District Court for Krakow's judgment in Poland with legal counsel to raise his defense. The undersigned concludes, [David] submitted to the jurisdiction of Poland by retaining an attorney to represent him in his defense before the Regional Court for Krakow and thereby had notice and an opportunity [to] be heard.
>
> The undersigned therefore, does not conclude that the enforcement of the Regional Court for Krakow's Decree is manifestly in violation of public policy.

CP at 19-20. The ALJ ordered that the Polish order was enforceable and could be registered with DCS, and ordered David to pay current child support in the amount of $1,547.06 beginning August

4

1, 2016, and $99,287.92 for past support for the period of March 10, 2012, through July 31, 2016. David filed a petition for judicial review under the Administrative Procedures Act (APA).[3]

Based on the administrative record, the superior court determined that the ALJ misapplied the law and the Polish order could not be registered or enforced by DCS; therefore, it reversed the ALJ's decision.

Eva appeals the superior court's order which reversed the ALJ's decision.

ANALYSIS

I. STANDARDS OF REVIEW

A. ADMINISTRATIVE PROCEDURE ACT

The APA governs our review of an agency's final administrative decision. RCW 34.05.570. We will reverse the ALJ's decision if it is not supported by substantial evidence or if the ALJ "erroneously interpreted or applied the law." RCW 34.05.570(3)(d), (e). We "'give the agency's interpretation of the law great weight where the statute is within the agency's special expertise.'" *Crosswhite v. Dep't of Soc. & Health Servs.*, 197 Wn. App. 539, 549, 389 P.3d 731 (2017) (quoting *Cornelius v. Dep't of Ecology*, 182 Wn.2d 574, 585, 344 P.3d 199 (2015)). However, "[d]eference 'is inappropriate when the agency interpretation conflicts with the statute.'" *Crosswhite*, 197 Wn. App. at 549 (quoting *Brown v. Dep't of Soc. & Health Servs.*, 145 Wn. App. 177, 183, 185 P.3d 1210 (2008)). The party seeking relief bears the burden of demonstrating the invalidity of the agency action. *Olympic Healthcare Servs. II LLC v. Dep't of Soc. & Health Servs.*, 175 Wn. App. 174, 180, 304 P.3d 491 (2013); RCW 34.05.570(1)(a).

---

[3] Ch. 34.05 RCW.

No. 52877-1-II

We review factual determinations from a final administrative decision under the substantial evidence standard, and the decision will be upheld "if supported by a sufficient quantity of evidence to persuade a fair-minded person of the order's truth or correctness." *Crosswhite*, 197 Wn. App. at 548. Unchallenged findings are verities on appeal. *Darkenwald v. Employment Sec. Dep't*, 183 Wn.2d 237, 244, 350 P.3d 647 (2015). We review de novo whether the findings support the conclusions of law. *Olympic Healthcare*, 175 Wn. App. at 181.

B. UNIFORM INTERSTATE FAMILY SUPPORT ACT (UIFSA)

It is undisputed that the Uniform Interstate Family Support Act (UIFSA)[4] governs this case. The UIFSA applies to all actions in Washington commenced on or after July 1, 2015, that attempt to register child support orders. RCW 26.21A.907. When a party seeks recognition of a convention support order[5] from another tribunal, that party must register the order with DCS. RCW 26.21A.613.

"Except as otherwise provided in subsection (2) of this section, a tribunal of this state shall recognize and enforce a registered convention support order." RCW 26.21A.617(1). Relevant here, an objecting party may raise the defense that "[r]ecognition and enforcement of the order is manifestly incompatible with public policy, including the failure of the issuing tribunal to observe minimum standards of due process, which include notice and an opportunity to be heard." RCW 26.21A.617(2)(a).

---

[4] Ch. 26.21A RCW.

[5] A "convention support order" is "a support order of a tribunal of a foreign country" which is in forced with respect to the United States under the Hague Convention of November 23, 2007. RCW 26.21A.601(3); RCW 26.21A.010(3), (5)(d).

II. MINIMUM STANDARDS OF DUE PROCESS

David argues that his procedural due process rights were violated because he was not served with notice of the hearing by the District Court for Krakow as required, nor did he have an opportunity to participate in the 2012 evidentiary hearing before the Polish court. Eva argues that David's procedural due process rights were not violated because he received notice and had an opportunity to be heard in the appeal after the child support order was issued. We hold that David's right to minimum due process was violated because there is no evidence in the record that he was served with prehearing notice or had any opportunity to participate in any evidentiary hearing that led to the Polish order for child support. Because David was not afforded even minimum due process, the District Court for Krakow proceeding and resulting order are manifestly incompatible with public policy.

The federal and state constitutions guarantee a right to due process. U.S. CONST. amend. XIV, § 1; WASH. CONST. art. I, § 3. "Due process protections include . . . the right to notice and an opportunity to be heard and defend." *In re the Welfare of M.B.*, 195 Wn.2d 859, 867, 467 P.3d 969 (2020); *see also Morrison v. Dep't of Labor & Industr.*, 168 Wn. App. 269, 273, 277 P.3d 675 (2012) ("An essential principle of due process is the right to notice and a meaningful opportunity to be heard."). "To determine whether a particular procedure for providing notice and an opportunity to be heard is constitutionally adequate, we must assess the risk of erroneous deprivation in light of the competing interests at stake." *Fields v. Dep't of Early Learning*, 193 Wn.2d 36, 44, 434 P.3d 999 (2019).

RCW 4.24.820(1) (2015) states that "Washington's courts, administrative agencies, or any other Washington tribunal shall not recognize, base any ruling on, or enforce any order issued

under foreign law, or by a foreign legal system, that is manifestly incompatible with public policy." "[A]n order is presumed to be manifestly incompatible with public policy when it does not grant parties the same rights as the parties are granted under the Washington or United States Constitutions." *Brett v. Dep't of Soc. & Health Servs.*, 9 Wn. App. 2d 303, 311, 455 P. 3d 568 (2019) (citing RCW 4.24.820(2)). In Washington, a non-moving party must be personally served with a summons in advance of the court proceeding. RCW 4.28.080; RCW 26.10.030(2).

Here, the ALJ concluded that enforcement of the Polish order was not manifestly in violation of public policy. The ALJ based its conclusion on its finding that the District Court for Krakow served David by registered mail with the Polish order *after* it was entered, and then David retained an attorney in Poland to appeal the order. The ALJ erred in concluding that enforcing the Polish order did not manifestly violate public policy.

Despite the ALJ's order requiring that DCS provide proof that David was properly served *before* the District Court for Krakow issued its child support order, DCS failed to provide any such evidence. The record does not show that David was served with a prehearing notice or had the opportunity to participate and defend himself in the District Court for Krakow proceeding. Thus, contrary to RCW 26.21A.617(2)(a)'s requirement, David was not provided any notice of the proceedings in the Polish district court. David was not afforded minimum due process protections under the federal and state constitutions. Serving him with the child support order after it was entered is not minimum due process. Although David hired an attorney to appeal the Polish order, participating in an appeal was not meaningful participation because he was deprived of the opportunity to participate in the evidentiary proceeding before the District Court for Krakow.

No. 52877-1-II

Because David did not receive prehearing notice and did not have an opportunity to defend himself in the District Court for Krakow, we hold that David did not receive minimum due process, and thus, the Polish proceedings were manifestly incompatible with public policy. Therefore, the Polish order may not be registered with DCS and is not enforceable.

CONCLUSION

We affirm the superior court's order and reverse the ALJ's final order.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

LEE, C.J.

CRUSER, J.