IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ROGER TODD BUCKNER,<br><br>                    Appellant,<br><br>          v.<br><br>WASHINGTON DEPARTMENT<br>OF LABOR AND INDUSTRIES,<br><br>                    Respondent. | No. 82155-5-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

SMITH, J. — The Department of Labor and Industries (L&I) issued Roger Todd Buckner two electrical citations to his mailbox at a UPS Store. Because L&I did not have an address on record for Buckner, it used a service that searched public records to obtain his address. Buckner submitted his appeal late, and L&I denied the appeal as untimely. Buckner appeals, contending that L&I failed to send the citations to his "last known address" as required under RCW 19.28.131, that L&I procedure violated due process, and that L&I was estopped from denying his appeal. Because Buckner fails to establish that L&I did not follow appropriate and reasonable procedures, we affirm.

FACTS

In November 2019, L&I issued two citations to Roger Todd Buckner for performing electrical work without a license in violation of RCW 19.28.041 and RCW 19.28.161. L&I did not have an address on file for Buckner because he had never registered as an electrician, so it used a service called Accurint to

Citations and pin cites are based on the Westlaw online version of the cited material.

acquire his address. Accurint is a subscription service that searches public records to provide identifying information. L&I sent the citations to the address supplied by Accurint, which was for a mailbox at a UPS Store, which Buckner rents.

The citations informed Buckner that he had the right to appeal, and stated, "You must mail your appeal request letter to: Department of Labor and Industries, Attention Chief Electrical Inspector, PO Box 44460, Olympia, WA[ ] 98504." They further specified, "The appeal letter and appeal fee must be received (not post marked) by Labor and Industries within 20 calendar days of your receiving this letter."

L&I confirmed delivery of the citations to the UPS Store on November 12, 2019, which would make the appeal deadline December 2. However, Buckner did not collect the citations until November 15. On November 19, Buckner telephoned Joaquin Perez, the L&I compliance inspector who had issued the citations, and followed up with an e-mail to document the conversation. In his e-mail, Buckner stated that he understood that he had until December 5—or 20 days from his receipt of the letters on November 15—to submit his appeal, and that "[i]t was my understanding that [Perez] agreed with me." Perez responded to the e-mail on November 21 and did not say anything regarding Buckner's understanding of the timeline. Regarding the appeal, Perez stated, "[Y]ou will need to address this according to the instructions sent out with the infractions."

On December 5, Buckner took his appeal to L&I's Bellevue service location. Attached to his appeal, Buckner included printouts of his e-mails with

Perez and of e-mails regarding a public records request he had made to L&I. The Bellevue location copied and e-mailed the documents to the electrical citations department, which printed the appeal and brought it to the office of the chief electrical inspector on December 6. In the process of transmitting the appeal to the chief electrical inspector, L&I lost the last three pages of Buckner's appeal, including the public records e-mail exchange and most of his e-mail to Perez.

L&I denied Buckner's appeal as untimely on December 19. Buckner appealed to the superior court, which affirmed L&I's decision. Buckner moved for reconsideration, and the court denied the motion. Buckner appeals.

ANALYSIS

Buckner contends that L&I failed to send the citations to Buckner's "last known address" as required by RCW 19.28.131 because it did not "know" that the address supplied by Accurint was, in fact, Buckner's address. He also contends that L&I's notice and appeal procedures deprived Buckner of due process and that L&I was equitably estopped from denying Buckner's appeal. We disagree.

Standard of Review

We review L&I's decision under Washington's Administrative Procedure Act (APA), chapter 34.05 RCW. RCW 19.28.131. When reviewing an agency decision under the APA, this court sits in the same position as the superior court, and gives no deference to the superior court's findings. Darkenwald v. Emp't Sec. Dep't, 183 Wn.2d 237, 244, 350 P.3d 647 (2015). "The burden of

3

demonstrating the invalidity of agency action is on the party asserting invalidity." RCW 34.05.570(1)(a). As relevant here, this court may reverse an order if it determines that "[t]he order, or the statute or rule on which the order is based, is in violation of constitutional provisions on its face or as applied;" that "[t]he agency has engaged in unlawful procedure or decision-making process, or has failed to follow a prescribed procedure;" or that "[t]he agency has erroneously interpreted or applied the law." RCW 34.05.570(3)(a), (c), (d). We review questions of law, including statutory interpretation and the constitutionality of a statute, de novo. Lake v. Woodcreek Homeowners Ass'n, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010); Morrison v. Dep't of Labor & Indus., 168 Wn. App. 269, 272, 277 P.3d 675 (2012). "A statute is presumed to be constitutional, and the party attacking a statute has the heavy burden of proving its unconstitutionality beyond a reasonable doubt." Morrison, 168 Wn. App. at 272.

Compliance with the Statute

Buckner contends that L&I failed to comply with the requirement, under RCW 19.28.131 and WAC 296-46B-995, that it send the citations to Buckner's "last known address." Buckner contends that because he had not previously supplied his address to L&I, and L&I instead used Accurint to obtain the address, L&I did not really "know" that the address belonged to Buckner. We reject this contention because it is not supported by the law and would lead to absurd results.

"The primary goal in statutory interpretation is to ascertain and give effect to the intent of the Legislature." Nat'l Elec. Contractors Ass'n, Cascade Chapter

v. Riveland, 138 Wn.2d 9, 19, 978 P.2d 481 (1999). We begin by examining the plain meaning of the statute, which is discerned from the ordinary meaning of the language at issue and the context of the statute and statutory scheme in which that language is found. Lake, 169 Wn.2d at 526. "In undertaking a plain language analysis, we avoid interpreting a statute in a manner that leads to unlikely, strained, or absurd results." Burns v. City of Seattle, 161 Wn.2d 129, 150, 164 P.3d 475 (2007). We may not add words to a statute and must construe it in a way that gives effect to all the language within the statute. Lake, 169 Wn.2d at 526. "A statute is ambiguous only if susceptible to two or more reasonable interpretations, but a statute is not ambiguous merely because different interpretations are conceivable." Burton v. Lehman, 153 Wn.2d 416, 423, 103 P.3d 1230 (2005). "If the statute is unambiguous after a review of the plain meaning, the court's inquiry is at an end." Lake, 169 Wn.2d at 526.

RCW 19.28.131 requires L&I to notify individuals of a citation against them "using a method by which the mailing can be tracked or the delivery can be confirmed sent to the last known address of the assessed party." Similarly, WAC 296-46B-995(12)(b) explains that an appeal must be filed 20 days after notice is given to the assessed party, either by personal service or by mailing to the individual's "last known address." Webster's Third New International Dictionary gives the first definitions of "know" as "to apprehend immediately with the mind or with the senses" and "to have perception, cognition, or understanding of esp[ecially] to an extensive or complete extent." WEBSTER'S at 1252 (2002).

5

Here, the first definition of "know" cannot reasonably be applied to this statute, because the legislature could not intend for L&I, an administrative department of the State of Washington, to perceive an address immediately with its mind or senses. Thus, the plain meaning of "known" in this context is an address that L&I has perception, cognition, or understanding of as belonging to the assessed party. The legislature clearly did not intend for L&I to be certain the address belongs to that individual beyond a shadow of a doubt, because it only requires L&I to send the notice to the "last known address"—that is, the most recent address that L&I has an understanding of belonging to the individual. Here, where L&I did not have an address on file for Buckner because he had never registered as an electrician, L&I used a service that searches public records to find his address. Its search returned only one result for Buckner from the last 11 years, which was indeed the correct address, and L&I sent the citations to that address. We conclude that L&I followed an appropriate method for determining a last known address.

Buckner alleges that the address provided by Accurint was no better than a lucky guess. He points to evidence in the record that the L&I inspector spoke to a licensed contractor about Buckner's reported electrical work, and suggests that L&I should have obtained Buckner's address from that contractor. However, he presents no evidence or argument explaining why a service that relies on public records is so unreliable or why getting Buckner's address from a third

party would be more reliable.[1]  Buckner therefore fails to meet his burden to show that using Accurint is an unlawful procedure or that an address found from a search of public records cannot be a "known" address.[2]

Due Process

Buckner next contends that L&I's procedure of sending the citation to an address obtained through Accurint denies him of his right to due process.  We disagree.

Before the state deprives an individual of life, liberty, or property, due process requires notice and an opportunity to be heard appropriate to the nature of the case.  Olympic Forest Prods., Inc. v. Chaussee Corp., 82 Wn.2d 418, 422, 511 P.2d 1002 (1973).  Determining what process is due in a given context requires consideration of (1) the private interest involved, (2) the risk that the current procedures will erroneously deprive a party of that interest, and (3) the governmental interest involved, including the burden that the substitute procedural requirement would entail.  Mathews v. Eldridge, 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976).  "Due process does not require that a

---

[1] Buckner states in his brief that L&I "used Accurint and found records for multiple addresses and multiple people with the same name."  The record does not support this assertion, and instead clearly states that "Accurint showed one current address for Mr. Buckner since 2008."  While the record does indicate that Accurint showed two social security numbers for Buckner, this does not establish that the results were ambiguous, especially where there was only one address.

[2] Buckner also alleges that L&I failed to comply with RCW 19.28.131's directive that appeals of penalties be assigned to the Office of Administrative Hearings.  This contention ignores that the board need only commence an adjudicative proceeding if it receives a "timely application" for one. RCW 34.05.413(2).

7

property owner receive actual notice before the government may take his property." Jones v. Flowers, 547 U.S. 220, 226, 126 S. Ct. 1708, 164 L. Ed. 2d 415 (2006). Instead, notice must be reasonably calculated, under all the circumstances, to notify interested parties of the action and give them an opportunity to be heard. State v. Nelson, 158 Wn.2d 699, 703, 147 P.3d 553 (2006).

Here, with respect to the first Mathews factor, the private interest involved is a property interest, as opposed to a liberty interest. While this is an important interest, "[w]here the interest at stake is only a financial one, the right which is threatened is not considered 'fundamental' in a constitutional sense." Morrison, 168 Wn. App. at 273. With respect to the second factor, Buckner makes no showing whatsoever that Accurint is unreliable or that obtaining an address in that way is likely to lead to an erroneous deprivation of his interests. On the contrary, the limited information about Accurint in the record suggests that it is reliable, given that it searches public records and was able to, at least in this one case, produce the correct address. With respect to the third factor, L&I's interest in enforcing chapter 19.28 RCW is to protect public health and safety by "ensur[ing] that electrical work is performed safely and competently." Riveland, 138 Wn.2d at 22. Buckner offers no alternative procedure here, with the implication being that L&I cannot issue a citation to an individual unless they first supply their address to L&I. Because only registered contractors are required to supply their address to L&I, this would effectively prevent L&I from enforcing electrical safety standards in any case where an unlicensed individual is

performing electrical work.  See RCW 19.28.041(1)(a) (an application for an electrical contractor license must include the applicant's address).  Therefore, the governmental interest in the existing procedure is high.  Because the factors weigh in favor of the current procedure, we conclude Buckner's due process rights were adequately protected by the procedure at hand.[3]

### Equitable Estoppel

Finally, Buckner contends that L&I is estopped from holding him to a deadline of December 2 because of Perez's apparent agreement to December 5 as the due date for the appeal.[4]  We need not reach this argument because even if the deadline was December 5, Buckner still missed the deadline.  The citations clearly informed Buckner that he *must mail* his appeal letter to the chief electrical inspector in Olympia, and that it had to be *received* on the due date, not sent.  Perez reiterated in his e-mail that Buckner needed to follow these instructions.  Buckner failed to do so and brought his appeal in person to the Bellevue office

---

[3] While Buckner focuses his due process argument on the reliability of Accurint, he also contends that L&I's loss of some of the pages of his appeal shows a deprivation of due process.  This contention ignores the fact that this loss happened because Buckner did not comply with the required procedure outlined in the citation letter, and instead brought his appeal to the Bellevue office.  The fact that pages were lost in the scanning and e-mailing process cannot be a deprivation where L&I was not required to scan or e-mail the appeal.

[4] We further note that the only evidence in the record that Perez agreed to this deadline is Buckner's assertion that Perez had agreed and Perez's failure to correct him.

instead.[5]  His appeal letter was not received by the chief electrical inspector until December 6.  Therefore, L&I did not err by denying his appeal as untimely.

<u>Attorney Fees</u>

Buckner requests attorney fees under RCW 4.84.350(1), which permits the court to award fees to the prevailing party in a judicial review of agency action.  Because Buckner does not prevail, we deny his request.

We affirm.

_____

WE CONCUR:

_____     _____

---

[5] Buckner asserts that he "had confirmed [this process] was acceptable with the [L&I] electrical citations desk and with the Bellevue office."  There is absolutely no evidence in the record to support this claim.