# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JAMES DIDLAKE, DUSTIN JOHNSON, SHELLY BURKE, MONICA FISCHER, MICHAEL BENNETT, individually and on behalf of all classes of similarly situated persons,<br><br>Appellants,<br><br>v.<br><br>WASHINGTON STATE, and WASHINGTON STATE DEPARTMENT OF LICENSING<br><br>Respondents. | No. 71633-6-I<br><br>DIVISION ONE<br><br>PUBLISHED OPINION<br><br><br><br><br><br>FILED: March 16, 2015 |

LEACH, J. — Washington's implied consent statute, RCW 46.20.308, requires that a driver arrested for driving under the influence of an intoxicant (DUI) pay a filing fee to obtain an administrative review hearing to prevent a driver's license suspension or revocation. James Didlake, Dustin Johnson, Shelly Burke, Monica Fischer, and Michael Bennett (collectively Didlake) appeal a trial court decision that this fee for hearing requirement does not violate procedural due process. Because the driving privilege is not a fundamental right and the Department of Licensing (Department) waives the fee for indigent drivers, Didlake does not establish a constitutional due process violation. And

because he received notice and a hearing, Didlake does not show that the fee requirement violated due process in his case. Therefore, he cannot prove any set of facts that would justify recovery for a procedural due process violation. We affirm.

## FACTS

At various times and places in 2010 or 2011, police arrested James Didlake, Dustin Johnson, Shelly Burke, Monica Fischer, and Michael Bennett for DUI. As required by Washington's implied consent law, the Department initiated license suspension proceedings against them. Didlake, Burke, Fischer, and Bennett each paid a $200 fee for an administrative review hearing. After they prevailed at their hearings, the Department rescinded their license suspensions. Johnson paid two fees and prevailed at one of his two hearings related to two separate arrests.

Didlake filed a class action lawsuit against the Department, asking for injunctive and declaratory relief, plus a refund and damages. He alleged that the statutory fee for an administrative hearing violates due process.[1] Didlake filed a motion for class certification under CR 23. After filing its answer, the Department filed a motion to dismiss Didlake's lawsuit under CR 12(b)(6).

---

[1] While the complaint alleged both substantive and procedural due process violations, Didlake has abandoned any substantive due process argument on appeal.

At a hearing on November 16, 2012, the trial court heard the Department's 12(b)(6) motion. The court did not hear argument on Didlake's motion for class certification.

In a memorandum opinion and order entered April 5, 2013, the trial court granted the Department's motion to dismiss. Didlake asked the Washington Supreme Court for direct review. On March 5, 2014, the Supreme Court transferred the case to this court.

## STANDARD OF REVIEW

When a party files an answer before filing a motion to dismiss under CR 12(b)(6), a court should consider the motion as one for judgment on the pleadings under CR 12(c).[2] Motions under CR 12(b)(6) and 12(c) raise identical issues, whether a request for relief states a claim for which a court can grant relief, and this court reviews decisions under either rule de novo.[3] A court may dismiss a complaint under CR 12 only if "it appears beyond doubt that the plaintiff cannot prove any set of facts which would justify recovery."[4] The court must assume the truth of facts alleged in the complaint, as well as hypothetical facts,

---

[2] Blenheim v. Dawson & Hall, Ltd., 35 Wn. App. 435, 437, 667 P.2d 125 (1983).
[3] Gaspar v. Peshastin Hi-Up Growers, 131 Wn. App. 630, 634-35, 128 P.3d 627 (2006).
[4] Tenore v. AT&T Wireless Servs., 136 Wn.2d 322, 329-30, 962 P.2d 104 (1998).

viewing both in the light most favorable to the nonmoving party.[5] If the trial court considered matters outside the pleadings, the reviewing court treats a CR 12 motion as a motion for summary judgment under CR 56(c).[6] Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.[7] Here, the trial court considered matters outside the pleadings: a declaration and fee study about administrative costs, which the Department filed to support its motion to dismiss. Therefore, the summary judgment standard applies. Because the parties agree that no disputes of material fact exist, our de novo review under CR 56(c) is the same as it would be under CR 12.

A constitutional challenge to a statute presents a question of law that this court also reviews de novo.[8] A reviewing court presumes that a statute is constitutional, and the party challenging it bears the burden of proving otherwise beyond a reasonable doubt.[9] A party may bring a facial or an as-applied challenge.[10] To prevail in a facial challenge, a party must show that "no set of

---

[5] M.H. v. Corp. of Catholic Archbishop of Seattle, 162 Wn. App. 183, 189, 252 P.3d 914 (2011) (citing Postema v. Pollution Control Hearings Bd., 142 Wn.2d 68, 122-23, 11 P.3d 726 (2000)).
[6] CR 12(c); P.E. Sys., LLC v. CPI Corp., 176 Wn.2d 198, 203-04, 289 P.3d 638 (2012); Blenheim, 35 Wn. App. at 438.
[7] CR 56(c).
[8] City of Bothell v. Barnhart, 172 Wn.2d 223, 229, 257 P.3d 648 (2011).
[9] Morrison v. Dep't of Labor & Indus., 168 Wn. App. 269, 272, 277 P.3d 675 (2012) (citing State v. Shultz, 138 Wn.2d 638, 642, 980 P.2d 1265 (1999)).
[10] City of Redmond v. Moore, 151 Wn.2d 664, 668, 91 P.3d 875 (2004).

circumstances exists in which the statute, as currently written, can be constitutionally applied."[11] By contrast, a party succeeds in an as-applied challenge by proving that an otherwise valid statute is unconstitutional as applied to that party.[12]

## ANALYSIS

Implied Consent Statute

Under Washington law, drivers in the state have given "implied consent" to testing for alcohol or drug impairment.[13] This law "'provides law enforcement officers with an effective means of obtaining physical evidence of intoxication since any person operating a motor vehicle on the roads of this state is deemed to have consented to the administration of a blood alcohol test.'"[14]

The arresting law enforcement officer must immediately notify the Department of the arrest and transmit a sworn report within 72 hours.[15] This sworn report must state that the officer had reasonable grounds to believe that the arrestee drove a motor vehicle under the influence of intoxicating liquor or

---

[11] Moore, 151 Wn.2d at 669.

[12] Moore, 151 Wn.2d at 668-69.

[13] Former RCW 46.20.308(1) (2008). In 2013, Engrossed Second Substitute Senate Bill 5912 amended RCW 46.20.308. The amendments renumbered several subsections and eliminated statutory implied consent to tests of a driver's blood. LAWS OF 2013, ch. 35, § 36. The citations here refer to the law in effect at the time the appellants requested administrative hearings.

[14] Nielsen v. Dep't of Licensing, 177 Wn. App. 45, 49, 309 P.3d 1221 (2013) (quoting State v. Bartels, 112 Wn.2d 882, 885, 774 P.2d 1183 (1989)).

[15] Former RCW 46.20.308(6)(e).

drugs.[16] The report must further state that either the driver refused to take a test or took a test that revealed a blood alcohol concentration (BAC) of 0.08 or higher.[17] Upon receipt of the officer's report, the Department "shall suspend, revoke, or deny" the driver's license effective 60 days from the date of arrest or when the suspension is sustained at a hearing, whichever comes first.[18]

The implied consent law provides certain procedural protections to drivers. The Department must give the driver written notice that it intends to suspend or revoke the driver's license.[19] The Department must also notify the driver of the right to a hearing and specify the steps to obtain one.[20] Within 20 days of this notice, the driver may request in writing a formal hearing before the Department.[21] As part of the request, the driver must pay a mandatory fee. The Department may waive the fee, however, for drivers who are indigent.[22]

At the hearing, the driver may have assistance of counsel, question witnesses, present evidence, and testify.[23] The hearing officer determines if the officer had reasonable grounds to believe the driver was driving under the

---

[16] Former RCW 46.20.308(6)(e)(i).
[17] Former RCW 46.20.308(6)(e)(ii).
[18] Former RCW 46.20.308(7).
[19] Former RCW 46.20.308(6)(a).
[20] Former RCW 46.20.308(6)(b).
[21] Former RCW 46.20.308(8).
[22] Former RCW 46.20.308(8); RCW 10.101.010(3) (definition of "indigent"). As of October 1, 2012, the fee was $375. LAWS OF 2012, ch. 80, § 12.
[23] Former RCW 46.20.308(8).

influence and if the driver refused to take a test or took a test that revealed a BAC of 0.08 or higher. After the hearing, the Department "shall order that the suspension, revocation, or denial either be rescinded or sustained."[24]

## Standing

The parties each argue the issue of standing at some length. Most of the discussion concerns Didlake's standing to bring claims related to a putative class. Because the trial court dismissed Didlake's own claims, which he had standing to bring, without ruling on his motion for class certification, we do not address this issue.

## Procedural Due Process

Didlake contends that the implied consent statute's required fee for hearing violated his right to procedural due process. He appears to raise both facial and as-applied challenges, arguing that due process requires an initial hearing at no cost and that he and other members of the putative class should receive refunds of the fees they paid to obtain hearings. Both the United States and Washington State Constitutions declare that no person may be deprived of life, liberty, or property without due process of law.[25] Didlake has a protected property interest in his driver's license that Washington courts have recognized

---

[24] Former RCW 46.20.308(8).
[25] U.S. CONST. amend. V, XIV, § 1; WASH. CONST. art. I, § 3.

as "'important'" and "'substantial.'"[26] In any proceeding to deprive him of this property interest, the State must afford him procedural due process.[27] Procedural due process imposes limits on governmental decisions that deprive a person of "liberty" or "property" interests within the meaning of a constitution's due process clause.[28]

Essential elements of procedural due process include notice and a meaningful opportunity to be heard.[29] "A meaningful opportunity to be heard means 'at a meaningful time and in a meaningful manner.'"[30] To determine what procedural protections due process requires in a particular situation, a court must consider three factors: (1) the private interest affected, (2) the risk that the relevant procedures will erroneously deprive a party of that interest, and (3) any countervailing governmental interests involved.[31]

---

[26] Moore, 151 Wn.2d at 670-71 (quoting State v. Dolson, 138 Wn.2d 773, 776-77, 982 P.2d 100 (1999); Mackey v. Montrym, 443 U.S. 1, 11, 99 S. Ct. 2612, 61 L. Ed. 2d 321 (1979)).

[27] Moore, 151 Wn.2d at 670; State v. Storhoff, 133 Wn.2d 523, 527, 946 P.2d 783 (1997) (citing Bell v. Burson, 402 U.S. 535, 539, 91 S. Ct. 1586, 29 L. Ed. 2d 90 (1971)).

[28] Mathews v. Eldridge, 424 U.S. 319, 332, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976).

[29] Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985).

[30] Morrison, 168 Wn. App. at 273 (internal quotation marks omitted) (quoting Downey v. Pierce County, 165 Wn. App. 152, 165, 267 P.3d 445 (2011)).

[31] Mathews, 424 U.S. at 334-35.

The first factor requires a court to consider the nature of the private interest affected. In cases involving due process challenges to filing fees, both the United States and Washington Supreme Courts have held that if a fundamental interest is not involved, requiring a fee for access to court or an administrative hearing, even from indigent persons, does not violate due process.

Boddie v. Connecticut[32] involved a class action lawsuit brought by litigants who could not pay the fees and costs required to obtain a divorce. There, the United States Supreme Court noted the state's monopolization of divorce proceedings and held that due process prohibits a state from denying indigent persons access to courts for purposes of dissolving a marriage solely because of their inability to pay fees.[33] The Court emphasized that it did not decide "that access for all individuals to the courts is a right that is, in all circumstances, guaranteed by the Due Process Clause of the Fourteenth Amendment so that its exercise may not be placed beyond the reach of any individual."[34] Rather, the Court limited its holding to such cases where access is "the exclusive precondition to the adjustment of a fundamental human relationship."[35]

Two years later, in United States v. Kras,[36] the Court considered a constitutional challenge to the filing fees required for a no-asset bankruptcy

---

[32] 401 U.S. 371, 372-73, 91 S. Ct. 780, 28 L. Ed. 2d 113 (1971).
[33] Boddie, 401 U.S. at 374.
[34] Boddie, 401 U.S. at 382.
[35] Boddie, 401 U.S. at 383.
[36] 409 U.S. 434, 435, 93 S. Ct. 631, 34 L. Ed. 2d 626 (1973).

proceeding. The Court noted that bankruptcy discharge involves no "fundamental interest" and "does not rise to the same constitutional level" as the interest in establishing or dissolving a marriage.[37] The Court recognized Boddie "obviously stopped short of an unlimited rule that an indigent at all times and in all cases has the right to relief without the payment of fees" and declined to extend Boddie to proceedings not involving a fundamental interest.[38]

The same year, in Ortwein v. Schwab,[39] the Court rejected the argument that because the State waived fees for certain types of proceedings, due process required a fee waiver for all civil appeals. The Court concluded that as in Kras, the Ortwein appellants' challenge to the reduction in their welfare benefits was in the "'area of economics and social welfare'" and not a fundamental interest.[40] The Court held that the government's interest in offsetting costs rationally justified the filing fee and that the fee did not violate due process.[41]

More than 20 years later, the Court reviewed the Boddie line of cases. In M.L.B. v. S.L.J.,[42] the Court held that requiring an indigent parent to pay a record preparation fee to appeal the termination of her parental rights violated due process. Discussing its holdings in Kras and Ortwein, the Court reiterated that "a

---

[37] Kras, 409 U.S. at 445.
[38] Kras, 409 U.S. at 450.
[39] 410 U.S. 656, 661, 93 S. Ct. 1172, 35 L. Ed. 2d 572 (1973).
[40] Ortwein, 410 U.S. at 660 (quoting Kras, 409 U.S. at 446).
[41] Ortwein, 410 U.S. at 660-61.
[42] 519 U.S. 102, 106-07, 117 S. Ct. 555, 136 L. Ed. 2d 473 (1996).

constitutional requirement to waive court fees in civil cases is the exception, not the general rule."[43] But the Court noted, "Choices about marriage, family life, and the upbringing of children are among associational rights this Court has ranked as 'of basic importance in our society' that the Fourteenth Amendment protects."[44] As in Boddie, due process prohibited a financial barrier to court access to protect a fundamental interest like parental rights.

Washington courts have conducted a similar analysis and almost always have upheld the constitutionality of filing fees, distinguishing between fundamental and other interests. In Bowman v. Waldt,[45] this court held that due process did not require King County to waive the fees necessary for an indigent judgment creditor to secure the execution of a sheriff's levy. Adopting the rationale of Kras and Ortwein, this court refused to recognize "a constitutional right of access to the courts if the case is one 'in the area of economics and social welfare.'"[46] Where the right involved is not fundamental, reasoned the court, an indigent individual does not have a constitutional right to a fee waiver.[47]

In Housing Authority v. Saylors,[48] an indigent appellant challenged the filing fee required to appeal her eviction from public housing. The Washington

---

[43] M.L.B., 519 U.S. at 114.
[44] M.L.B., 519 U.S. at 116 (quoting Boddie, 401 U.S. at 376).
[45] 9 Wn. App. 562, 570, 513 P.2d 559 (1973).
[46] Bowman, 9 Wn. App. at 570 (quoting Ortwein, 410 U.S. at 660).
[47] Bowman, 9 Wn. App. at 570.
[48] 87 Wn.2d 732, 733, 557 P.2d 321 (1976).

Supreme Court held that because "the interest involved lies in the area of economics and social welfare," the filing fee did not violate due process.[49]

In Downey v. Pierce County,[50] however, Division Two of this court struck down a fee requirement in a county ordinance about dangerous animal declarations (DADs). The ordinance required a cited dog owner to pay $250 to obtain an informal, unrecorded auditor's review.[51] If the auditor upheld the DAD, a dog owner who wished to appeal had to pay an additional $500 to obtain a full evidentiary review before a hearing officer.[52] The court found that pet owners have "arguably more than a mere economic interest because pets are not fungible."[53] The court also found that the county's procedures to issue and review a DAD were insufficient under the Mathews factors, especially because the initial fee did not cover a constitutionally adequate evidentiary review.[54] Given this more substantial interest and the county's inadequate procedures, the court held that "charging a fee to obtain an initial evidentiary review of a DAD violates due process."[55] However, the Downey opinion also expressly

---

[49] Saylors, 87 Wn.2d at 739, 744.
[50] 165 Wn. App. 152, 156, 267 P.3d 445 (2011).
[51] Downey, 165 Wn. App. at 157.
[52] Downey, 165 Wn. App. at 158.
[53] Downey, 165 Wn. App. at 165.
[54] Downey, 165 Wn. App. at 167.
[55] Downey, 165 Wn. App. at 166.

acknowledged that "'there is no constitutional due process right to appeal civil cases involving 'only property or financial interests.'"[56]

In Morrison v. Department of Labor & Industries,[57] Morrison challenged on due process grounds the filing fees required to obtain administrative review of eight electrical law citations. Citing Boddie, Kras, Ortwein, and Bowman, this court concluded that "where there is no fundamental right involved but only a financial one, it is permissible to impose a monetary prerequisite to file an appeal."[58] The court distinguished the dog owner's private interests in Downey as "much more expansive" than Morrison's, including the interest in keeping a pet, economic interests in not having to pay additional inspection or insurance fees, and the interest in not being subject to criminal liability for later violations.[59] "Morrison's interest, by contrast, is solely monetary."[60]

Didlake attempts to distinguish Ortwein and Saylors. He correctly notes the appellants in those cases received initial hearings at no cost. He asserts that Boddie and Kras do not control because they involved citizens seeking access to courts. By contrast, he argues, his case involves the government initiating proceedings to take away a property interest. But his arguments ignore the

---

[56] Downey, 165 Wn. App. at 167 (quoting In re Dependency of Grove, 127 Wn.2d 221, 240, 897 P.2d 1252 (1995)).

[57] 168 Wn. App. 269, 271, 277 P.3d 675 (2012).

[58] Morrison, 168 Wn. App. at 273-74. By "appeal," the court refers to an initial evidentiary review of the citations. Morrison, 168 Wn. App. at 271.

[59] Morrison, 168 Wn. App. at 275.

[60] Morrison, 168 Wn. App. at 275.

distinction that the United States Supreme Court and Washington courts have repeatedly found to be dispositive in filing fee challenges. Courts have consistently distinguished between fundamental interests and interests that are "solely monetary," involving "economics and social welfare," or even "important" or "substantial." If the interest involved is fundamental, due process requires access for all. A fee waiver for indigent litigants accomplishes this mandate. If the interest is not fundamental, "a monetary prerequisite to an appeal is thus permissible,"[61] even for indigent appellants.

Downey involved an interest that was "arguably more than a mere economic interest" but still a property interest under the law.[62] The Downey court's unfortunate dicta that "due process requires access to an initial evidentiary hearing without charge"[63] diverges from this well settled rule. But the DAD ordinance in Downey had no fee waiver provision, and the court did not address whether such a waiver for indigent dog owners would cure any due process violation. And as this court noted in Morrison, Downey acknowledged the general rule that there is no constitutional right to appeal civil cases where only financial or property rights are at stake.[64] Even in the case of fundamental

---

[61] Morrison, 168 Wn. App. at 275.

[62] As Division Two observed in Downey, even the unique nonfungible interest in a family pet is classified as a property interest under Washington law. Downey, 165 Wn. App. at 165 n.13.

[63] Downey, 165 Wn. App. at 163.

[64] Morrison, 168 Wn. App. at 275 (quoting Downey, 165 Wn. App. at 167).

rights like marriage or parenting, the United States Supreme Court has not struck down filing fees as unconstitutional per se. Rather, the Court has mandated access to all regardless of ability to pay, which the government may accomplish via a fee waiver.[65]

Courts have identified the driving privilege as an "important" and "substantial" but not fundamental right. Therefore, federal and state cases decided after Boddie support the constitutionality of a filing fee for access to a suspension or revocation hearing, even for indigent appellants. By providing a fee waiver for indigent licensees, Washington's implied consent law does more than the constitution requires, and between 2009 and 2011, the State waived the fee for 36 percent of drivers who obtained a hearing.[66] This contradicts Didlake's assertion that the filing fee has a "chilling effect" on drivers' exercise of their due process rights. Thus, he fails to establish a facial challenge on due process grounds. And because he paid the fee and received a hearing that complied with due process, he does not show that the fee requirement is unconstitutional as applied to him. Whether facial or as-applied, Didlake's due process challenges fail.

---

[65] This is consistent with the holdings of numerous cases from other jurisdictions that the Department cites in its brief.

[66] Of 28,405 DUI hearings conducted in the 2009-2011 biennium, the Department waived fees for 10,260.

Because the interest involved here is not fundamental and therefore no constitutional right of access to a hearing exists, we do not analyze the two remaining Mathews factors.[67]

## CONCLUSION

Because Didlake fails to establish that the implied consent statute's fee requirement violates procedural due process, we affirm the trial court's order dismissing Didlake's class action claim.

_Leach, J._

WE CONCUR:

_Spearman, C.J._        _Dwyer, J._

---

[67] See Morrison, 168 Wn. App. at 275.