**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| TODD D. WILSON, an individual, | ) | No. 80896-6-I |
| | ) | |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| WEYERHAEUSER COMPANY, a Washington corporation, | ) ) ) | |
| | ) | UNPUBLISHED OPINION |
| Respondent. | ) | |
| | ) | |

MANN, C.J. — This is an employment contract dispute between Todd Wilson and the Weyerhaeuser Company. Wilson appeals the trial court orders denying his motion for partial summary judgment and granting Weyerhaeuser's motion for judgment on the pleadings. Wilson argues that the trial court erred in concluding that his contract with Weyerhaeuser was unilateral and at will. We affirm.

FACTS

In November 2013, Weyerhaeuser offered Wilson a position as a Seedling Nursery Production Supervisor at its Mima Nursery in Olympia, Washington. When Weyerhaeuser extended the offer, there was a house located on the Mima Nursery

property (Mima House). The job offer required Wilson to reside in the Mima House "and have the capability to respond to site-related events no later than August 2014." Wilson accepted the job by signing the offer letter. The signature box that Wilson signed spelled out that Wilson understood that his employment was at-will. Weyerhaeuser provided Wilson with relocation support for his move from California to Washington.

Wilson began his employment with Weyerhaeuser on December 30, 2013. As the Mima House had an occupant until August, Wilson moved to a house in Curtis, Washington (Curtis House) when he began his employment. In March 2014, the Mima House burned down in a fire. Weyerhaeuser told Wilson that it would not rebuild the house, nor was there another house on the Mima Nursery property for Wilson to reside in. Wilson continued his employment with Weyerhaeuser for three-and-a-half years. Weyerhaeuser increased Wilson's salary three times during his employment. In October 2017, Wilson quit his position with Weyerhaeuser. Wilson said that he raised the issue of housing at his exit interview and Weyerhaeuser told him that it would not compensate him for any failure to provide housing.

In July 2019, Wilson sued Weyerhaeuser, alleging that Weyerhaeuser breached the employment contract by failing to provide Wilson with free housing during his employment. On November 8, 2019, Wilson filed a motion for partial summary judgment and Weyerhaeuser filed a motion for judgment on the pleadings. Wilson included and cited his own declaration in his motion for partial summary judgment, and cited to and relied on this declaration in his opposition to Weyerhaeuser's motion for judgment on the pleadings. In reply, Weyerhaeuser contended that by submitting additional evidence, Wilson converted the motion to a CR 56 motion.

Weyerhaeuser submitted the declaration of Tom Stevens, a long time Weyerhaeuser employee. Stevens resided in the Mima House for 30 years before it burned down. Stevens said in exchange for living in the Mima House, "I was required to be on-call 24/7 to respond to onsite matters, including everything from having to respond to security alarms, taking steps to protect the plants when a freeze was expected, letting contractors in through the security gate, and more."

The court denied Wilson's motion for partial summary judgment, granted Weyerhaeuser's motion for judgment on the pleadings, and dismissed Wilson's claims against Weyerhaeuser with prejudice. Wilson appeals.

ANALYSIS

We review a motion for a judgment on the pleadings under CR 12(c) de novo. Mohandessi v. Urban Venture LLC, 13 Wn. App. 2d 681, 698, 468 P.3d 622 (2020). CR 12(c) provides that "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in rule 56." Because the court considered matters outside of the pleadings, in particular Wilson's declaration, we review the order granting judgment on the pleadings under the summary judgment standard. See Didlake v. Washington State, 186 Wn. App. 417, 422, 345 P.3d 43 (2015).

We review summary judgment decisions de novo. Int'l Marine Underwriters v. ABCD Marine, LLC, 179 Wn.2d 274, 281, 313 P.3d 395 (2013). "Summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Int'l Marine Underwriters, 179 Wn.2d at 281.

On review, the court must consider "the facts submitted and all reasonable inferences therefrom in the light most favorable to the nonmoving party." Chelan County Deputy Sheriffs' Ass'n v. Chelan County, 109 Wn.2d 282, 294, 745 P.2d 1 (1987).

Wilson contends that he entered into a bilateral contract with Weyerhaeuser, in which Weyerhaeuser would pay for Wilson's move to Washington, and Wilson would live in the Mima House and perform the Mima duties along with his Seedling Nursery Production Supervisor's duties. Wilson alleges that Weyerhaeuser erred by unilaterally modifying this contract. We disagree, and hold that the contract between Wilson and Weyerhaeuser was a unilateral employment contract.

Washington case law dictates that an employment contract that is indefinite as to duration is terminable at will by either the employee or employer. Quedado v. Boeing Co., 168 Wn. App. 363, 367, 276 P.3d 365 (2012). "It is beyond dispute that Washington law provides that "a terminable-at-will contract may be unilaterally modified." Duncan v. Alaska USA Fed. Credit Union, Inc., 148 Wn. App. 52, 73, 199 P.3d 991 (2008). Since Wilson agreed to a terminable-at-will position, Weyerhaeuser had the authority to unilaterally change the terms when the Mima House burned down, and Wilson continued to work under the changed terms.

Wilson argues that the contract was bilateral because he agreed to move to Washington to perform the job. "A bilateral contract is one in which there are reciprocal promises. The promise by one party is consideration for the promise by the other. Each party is bound by his promise to the other." Ebling v. Gove's Cove, Inc., 34 Wn. App. 495, 499, 663 P.2d 132 (1983). Mutual modification of a bilateral contract requires a meeting of the minds. Ebling, 34 Wn. App. at 499. In contrast, in a unilateral contract,

only one party makes a promise, and "the second party may accept that promise and establish a unilateral contract <u>only</u> through performance of her end of the bargain." <u>Storti v. Univ. of Washington</u>, 181 Wn.2d 28, 36, 330 P.3d 159 (2014) (emphasis added). Unilateral contracts follow the traditional contracts principles of offer, acceptance, and consideration. <u>Storti</u>, 181 Wn.2d at 35-36. Here, Wilson's moving was not a reciprocal promise, but was merely inherent in his acceptance and performance of the contact.

Weyerhaeuser's offer letter contains no reciprocal promises from Wilson to Weyerhaeuser. Wilson's move to Washington was not a condition of the contract. It is undisputed that Wilson began to work before his scheduled move in date, and he continued to work for Weyerhaeuser after the Mima House burned down, knowing that Weyerhaeuser would not rebuild the house, and without a promise of alternative housing. Wilson worked for Weyerhaeuser for three-and-a-half years after the Mima House burned down without complaint. Weyerhaeuser raised Wilson's salary three times, and Wilson accepted these changes. When Weyerhaeuser increased his salary, Wilson did not give a binding promise in return, but rather continued to perform his job duties under the new terms unilaterally imposed by Weyerhaeuser—just as he did when the Mima House burned down.

Wilson's claims of contract breach, which he brought well over a year after voluntarily leaving Weyerhaeuser, are unsupported by fact and law.[1] Weyerhaeuser is

---

[1] Wilson relies on <u>Ebling</u>, 34 Wn. App. 498-99; <u>Flower v. T.R.A. Indus., Inc.</u>, 127 Wn. App. 13, 27, 111 P.3d 1192 (2005); and <u>USI Ins. Servs. Nat'l, Inc. v. Ogden</u>, 371 F. Supp. 3d 886, 896 (W.D. Wash. 2019), to contend that the contract was bilateral. These cases are distinguishable and do not support his claim.

entitled to judgment as a matter of law.  The trial court did not err when it granted

Weyerhaeuser's motion for judgment on the pleadings.[2]

Affirmed.

_Mann, C.J._

WE CONCUR:

_Verellen, J._                              _Appelwick, J._

---

[2] Wilson argues that we should remand his motion for summary judgment because the trial court dismissed it as moot after granting Weyerhaeuser's motion.  Wilson relies solely on his trial court briefing, effectively abandoning this issue on appeal.  "We will not consider an inadequately briefed argument." Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wn. App. 474, 486, 254 P.3d 835 (2011).  We also deny Wilson's request for attorney fees.